# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JESSE WRENN and ERIC MANZANO,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-1652-Orl-28JGG**

**CENTRAL FLORIDA STONE WORKS,
INC.,  KEVIN ROSS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**　**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 30)**
>
> **FILED:**　March 7, 2007
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs, Jesse Wrenn and Eric Manzano, and Defendants, Central Florida Stone Works, Inc. and Kevin Ross, jointly move the Court to approve their settlement of Plaintiffs' claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and reasonable resolution of a bona fide dispute.  The case involved disputed issues of FLSA

compliance, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated to vigorously represent their client. The Court finds the proposed settlement by payment to Wrenn of $1,000 for back wages, payment to Manzano of $1,500 for back wages, and total payments of $4,000 to Plaintiffs' counsel in exchange for Plaintiffs' release of claims and dismissal of the action with prejudice to be fair and reasonable.

Although the parties entitle the motion as one for "stipulated final judgment," neither the motion nor the settlement agreements provide for entry of judgment. The motion asks the Court to dismiss the action "as well as any and all other pending claims between the parties with prejudice." Docket 30 at 3. The Settlement Agreements provide that the parties will file a "Notice of Dismissal with Prejudice" as shown in Exhibit A to the Settlement Agreements within three business days after Defendants make the first scheduled payment. Docket 30-2 at 4, Docket 30-3 at 4. Neither of the Settlement Agreements, however, attach an "Exhibit A." As the parties do not identify any other pending claims, the Court interprets the motion as requesting dismissal with prejudice of the instant action upon the Court's approval of the settlement agreements.

The Court, therefore, **RECOMMENDS**, that:

1. The parties' joint motion be granted and the settlements be approved; and

2. The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 23, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon, II
Counsel of Record